1

2

3                              UNITED STATES DISTRICT COURT

4                             NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,              Case Nos.  CR 05-186 PJH
                                                       CR 10-682 PJH
7              Plaintiff,
                                            **ORDER DENYING MOTION TO STAY**
8         v.
                                            Re: Doc. Nos. 58 (CR 05-186 PJH) and
9    TOMMY JOE NEAL,                                      43 (CR 10-682 PJH)

10             Defendant.

11

12

13          The government has filed a motion to stay the motion of defendant Tommy Joe

14   Neal to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the

15   holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government seeks a

16   stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in

17   *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's

18   § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally

19   vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C.

20   § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves

21   conduct that presents a serious potential risk of physical injury to another").  The ACCA

22   residual clause invalidated in *Johnson* is identical to the residual clause of the definition

23   of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2).  The

24   Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson*

25   applies retroactively to collateral cases challenging federal sentences enhanced under

26   the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

27   holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering

28   challenges to sentences enhanced under it cognizable on collateral review.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The government represents that *Beckles* will likely decide the application of

2    *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255

3    motion.  Defendant promptly filed an opposition to the motion to stay, emphasizing that

4    he would be prejudiced by a stay of his § 2255 motion because he remains in custody in

5    federal prison while awaiting a ruling on his *Johnson* claim challenging the career

6    offender sentencing enhancement, and that if he is granted relief, he could be

7    resentenced to time served.  Doc. nos. 59 (CR 05-186) and 44 (CR 10-682).  Defendant

8    was sentenced to 120 months on the bank robbery conviction with a consecutive term of

9    24 months on the supervised release violation, for a total term of 144 months

10   imprisonment.  He represents that his current release date is March 9, 2024.  Defendant

11   contends that without the career offender enhancement, his guideline range would be 46-

12   57 months on the bank robbery offense and 12-18 months on the supervised release

13   violation.

14       In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d

15   1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its

16   discretion by staying a habeas petition pending resolution of an appeal in a case before

17   the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th

18   Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001).  In reviewing the stay

19   order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of

20   the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's

21   decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for

22   years if our decision in Ma is reversed and the case is remanded for further proceedings."

23   *Id.* at 1119.  The court in *Yong* reasoned that "habeas proceedings implicate special

24   considerations that place unique limits on a district court's authority to stay a case in the

25   interests of judicial economy," and held that "although considerations of judicial economy

26   are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed

27   here."  *Id.* at 1120-21.

28

1    The court carefully considers whether a stay pending resolution of *Beckles* is likely

2    to be resolved without inordinate delay because of the court's duty to adjudicate habeas

3    petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles*

4    is expected within a year, the government does not seek an indefinite stay.  Unlike the

5    appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely

6    to decide conclusively the question presented in *Beckles* whether *Johnson* applies

7    retroactively to collateral challenges to sentence enhancements applied under the

8    residual clause of the guidelines.  However, staying these proceedings pending a

9    decision by the Supreme Court on this threshold question could result in prejudicial delay

10   to defendant, who seeks a reduced term of imprisonment that possibly could be

11   exceeded by time served if the proceedings are stayed until as late as June 2017.  Under

12   these circumstances, considerations of judicial economy are outweighed by the potential

13   prejudice to defendant, and a stay is not warranted.

14       Accordingly, the government's motion to stay the § 2255 motion is DENIED.

15       **IT IS SO ORDERED.**

16   Dated:  July 28, 2016

17   _____

18   PHYLLIS J. HAMILTON
     United States District Judge

United States District Court
Northern District of California

3